UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:10-cv-136-DCR

CURTIS LEE MAYES,                                                                         PETITIONER

V.          **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

DONNA STIVERS, Interim Warden,                                   RESPONDENT

\* \* \* \* \*

**I.**

On April 22, 2010, petitioner Curtis Lee Mayes, *pro se*, filed in this district a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Record No. 1) and paid the requisite $5.00 filing fee.

In accordance with local practice, this matter has been referred to the undersigned Magistrate Judge for consideration pursuant to 28 U.S.C. § 636(b). See Fed.R.Civ.P. 72(b).

**II.**

In his habeas petition, petitioner states that he is an inmate at the Lee Adjustment Center in Beattyville, Kentucky. Petitioner challenges his 1977 conviction in Jefferson Circuit Court in Louisville, Kentucky.

The Magistrate Judge takes judicial notice of the fact that the Jefferson Circuit Court is a state court that lies within a jury division in the Western District of Kentucky. Since petitioner is attacking a conviction that occurred in the Western District of Kentucky, the Magistrate Judge concludes that the Western District of Kentucky, where the witnesses and records are likely to be located, is a more appropriate forum. See Braden v. 30th Judicial Circuit of Kentucky, 410 U.S. 484, 498-500 (1973); Byrd v. Martin, 754 F.2d 963, 965 (11th Cir. 1985); Weatherford v. Gluch, 708 F.Supp. 818, 820 (E.D. Mich. 1988).

Local Rule ("LR") 3.2(b) of the Joint Local Rules of the United States District Courts of the Eastern and Western Districts of Kentucky provides in part that a "state habeas corpus petition shall be assigned to the jury division that includes the court . . . in which the challenged judgment,

conviction or order was rendered." Therefore, pursuant to LR 3.1(b), LR 3.2(b) and 28 U.S.C. § 1404(a), the Magistrate Judge concludes that this action should be transferred to the Central Division at Frankfort in Frankfort, Kentucky, which has concurrent jurisdiction under 28 U.S.C. § 2241(d).

### III.

The Magistrate Judge having considered this matter, in view of LR 3.1(b), LR 3.2(b) and 28 U.S.C. § 1404(a), **IT IS RECOMMENDED** that this action be **TRANSFERRED** to the United States District Court for the Western District of Kentucky, Louisville Division, at Louisville, Kentucky, for further consideration.

The Clerk of the Court shall forward a copy of this Report and Recommendation to the respective parties who shall, within fourteen (14) days of receipt thereof, serve and file timely written objections to the Magistrate Judge's Report and Recommendation with the District Court or else waive the right to raise the objections in the Court of Appeals. 28 U.S.C. section 636(b)(1)(B); Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), affirmed, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir. 1986). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. Fed.R.Civ.P. 72(b).

This 29th day of April, 2010.

Signed By:
*James B. Todd*
United States Magistrate Judge