UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| CURTIS LEE MAYES, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 10-136-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| DONNA STIVERS, Interim Warden, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of a Report and Recommendation of Magistrate Judge James B. Todd which recommends, in part, that the Petitioner's civil action be transferred to the United States District Court for the Western District of Kentucky in accordance with 28 U.S.C. § 1404(a). [Record No. 3] The Petitioner has filed timely objections to the Magistrate Judge's recommendation regarding transfer to the Western District of Kentucky. Through these objections, the Petitioner points out that his present habeas petition seeks to challenge a decision of the Kentucky Parole Board regarding service of his state sentence. Inasmuch as the state parole board is an agency of state government with headquarters located Frankfort, Kentucky, he contends that the matter should remain within the Eastern District of Kentucky for final resolution.

Having reviewed this matter, the Court agrees with the Petitioner with respect to the issue of venue. While the Petitioner was convicted in the Jefferson Circuit Court and sentenced there,

it is clear that his present petition seeks to challenge the decision of the Kentucky Parole Board. As noted in paragraph 12 of his petition,

> Petitioner contends that the decision of the Kentucky Parole Board to order a serve-out to him on his life sentence, constituted an unconstitutional ex post facto law, inasmuch as it effectively changed the sentence on his original conviction from discretionary to mandatory.

[Record No. 1, p. 4] As his second ground for relief, the Petitioner asserts that the Parole Board's decision to order a serve-out to his life sentence "constitutes an arbitrary withdrawal of the power to parole from future board members, and would undermine the very provisions of the parole statutes that empower the board to grant parole, denying him due process of law." [Record No. 1, p. 7] No other grounds for relief are outlined with respect to the current habeas petition. Thus, this habeas petition does not seek to challenge anything other that the legal ability of the Kentucky Parole Board to require that he serve-out a life sentence.

In support of the recommendation, Magistrate Judge Todd concluded that, because the Petitioner was seeking to challenge his *conviction* from the Jefferson Circuit Court, this matter should be transferred to the Western District of Kentucky because that is the district in which the witnesses and records are likely to be located. Thus, he concluded that it would be a more appropriate forum. However, in light of the fact that the Petitioner is only challenging the subsequent decision of the Parole Board and not the underlying conviction, this rationale is misplaced. Accordingly, it is hereby

**ORDERED** as follows:

1. The Report and Recommendation of United States Magistrate Judge James B. Todd [Record No. 3] is **ADOPTED** to the extent that it recommends that this action be

transferred from the Lexington docket to the Frankfort docket of this Court. However, the Report and Recommendation is **REJECTED** to the extent that it recommends that venue of this matter be transferred to the United States District Court for the Western District of Kentucky.

2.   The Petitioner's objections to the Magistrate Judge's Report and Recommendation are **SUSTAINED**.

3.   The Clerk is **DIRECTED** to transfer this matter to the Frankfort docket of this Court.

This 11th day of June, 2010.

Signed By:
*Danny C. Reeves* DCR
**United States District Judge**